*Roger Witkin* for the plaintiff.

---

COMMONWEALTH *vs.* KIMBERLY HALL & another.[1] November 18, 2005. *Bail. Practice, Criminal, Mittimus.*

On March 22, 2004, the defendant was arraigned in the Roxbury Division

---

[1] See *Jansen, petitioner*, 444 Mass. 112, 113 n.2 (2005) (buccal swab involves rubbing swab on inside of cheek).

[1] The Boston Municipal Court.

of the Boston Municipal Court on charges of assault and battery, assault and battery by means of a dangerous weapon, and threatening to commit a crime (Roxbury court charges). Bail was set at $250, which the defendant posted, and the defendant was advised of the potential for bail revocation pursuant to G. L. c. 276, § 58, third par., if she were charged with committing a subsequent offense during the period of her release.

On May 26, 2004, the defendant was arraigned in the Dorchester Division of the Boston Municipal Court on charges of assault and battery and violating an abuse prevention order (Dorchester court charges).[2] At the defendant's arraignment, the Commonwealth moved to have the defendant's bail revoked on the Roxbury charges on the ground that the defendant had committed a new offense, namely the Dorchester court charges. A Municipal Court judge allowed the motion, setting forth his findings on a form entitled "Reasons for Ordering Bail." The defendant's attorney asked to have the defendant sent back to the Roxbury court to review the bail revocation. A mittimus was prepared (in the Dorchester court), bearing the typed name of a different judge, calling for the defendant to be brought from the Suffolk County jail to the Roxbury court on June 3, 2004. In connection with the Dorchester court charges, the judge set bail at $1,000 cash or $10,000, with surety. He also set a pretrial hearing date of June 23, 2004.

On June 3, 2004, pursuant to the mittimus, the defendant was transported to the Roxbury court. The defendant's attorney did not appear, no case event (hearing of any kind) was scheduled on the docket, and there is no evidence that the defendant appeared before any judge or judicial officer. A new mittimus issued (in the Roxbury court), bearing the typed name of its First Justice and the signature of an assistant clerk, setting bail at $250 cash or $2,500, with surety, and a pretrial hearing date of July 21, 2004. When she signed the mittimus, the assistant clerk did not know that the defendant's bail set in connection with the Roxbury court charges had been revoked, and she did not have a copy of the mittimus from the Dorchester court.

The Commonwealth filed a petition in the county court under G. L. c. 211, § 3, seeking relief from the June 3, 2004, mittimus on the ground that the mittimus, in effect, unlawfully operated to vacate the bail revocation order entered on May 26, 2004, by the Dorchester court judge. A single justice reserved and reported the case, without decision, to the full court. Prior to his reservation and report, the Roxbury court charges were resolved.[3]

The June 3, 2004, mittimus effectively vacated the bail revocation order. For the reasons that we articulated in *Commonwealth* v. *Pagan, ante* 315, 317-322 (2005), that mittimus was not permitted under G. L. c. 276, § 58, third par. The assistant clerk is a judicial official to whom the statute and our holding in *Commonwealth* v. *Pagan, supra*, applies. Indeed, we stated that when none of the cases against the defendant has been dismissed or has resulted in

---

[2]The defendant's girl friend was the alleged victim in both the Roxbury and Dorchester court charges.

[3]On July 21, 2004, the defendant pleaded guilty to assault and battery and threatening to commit a crime, and the Commonwealth dismissed the charge of assault and battery by means of a dangerous weapon. As in *Commonwealth* v. *Pagan, ante* 315, 317 (2005), the case is moot, but we nonetheless consider its merits.

an acquittal, "a District Court judge (*or any other judicial official under § 58*) may not vacate a revocation order" (emphasis added). *Id.* at 321.[4]

The case is remanded to the single justice for entry of a judgment consistent with this opinion.

*So ordered.*

*Donna Jalbert Patalano*, Assistant District Attorney, for the Commonwealth.

*David M. Lieber*, Assistant Attorney General, for the Boston Municipal Court.

*Murray A. Kohn*, Committee for Public Counsel Services, & *Lee J. Gartenberg*, for Committee for Public Counsel Services & another, amici curiae, submitted a brief.

---

[4]The Attorney General's positions, that the statute's sixty-day time period is an outer limit of a court's power and that District Court judges should not be limited in fashioning appropriate pretrial release orders for defendants charged with new crimes while awaiting trial, are plausible. In support of its positions, the Attorney General points to the legislative purpose of effectuating the right to pretrial release. This objective, however, was not the only one the Legislature had in mind when enacting the bail reform provisions. In enacting the bail revocation provisions of G. L. c. 276, § 58, third par., the Legislature specifically sought to *curtail* the conditional liberty interest of an accused when that person has violated an explicit condition of release (being charged with another crime during the period of release). *Paquette* v. *Commonwealth,* 440 Mass. 121, 126 (2003), cert. denied, 540 U.S. 1150 (2004). We believe our construction as enunciated in *Commonwealth* v. *Pagan, supra,* takes into consideration, and better comports with, all of the controlling legislative objectives.